UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BROAD-OCEAN TECHNOLOGIES, LLC,

          Plaintiff,                           Case Number 21-11297

v.                                           Honorable David M. Lawson

BO LEI,

          Defendant.

_____/

## ORDER GRANTING MOTION FOR TEMPORARY RESTRAINING ORDER AND SCHEDULING HEARING ON MOTION FOR PRELIMINARY INJUNCTION

Plaintiff Broad-Ocean Technologies, LLC filed a verified complaint alleging that defendant, Bo Lei, a former employee, stole intellectual property that included trade secrets when he left employment on April 15, 2021. The plaintiff also filed an *ex parte* motion for a temporary restraining order and a preliminary injunction now before the Court.

According to the verified complaint, Broad-Ocean designs and develops advanced electric motors as well as other devices and systems used for automotive and industrial applications. The plaintiff alleges that Lei, a former senior software and control engineer for Broad-Ocean, breached his confidentiality agreement with the plaintiff by copying hundreds of electronic files from the plaintiff's secure server and computer systems and transferring them to an external storage space shortly before he ended his employment. Broad-Ocean contends that the files included confidential information and trade secrets developed over several years, which provided Broad-Ocean with a competitive advantage in a highly competitive marketplace. The plaintiff also alleges that Lei tried to cover up his actions by using third-party software designed to clean up personal computers and hide prior activity.

The complaint included claims for violations of the Defend Trade Secrets Act of 2016, 18 U.S.C. § 1836 *et seq.*, Michigan's Uniform Trade Secrets Act, Mich. Comp. Laws § 445.1901, the Computer Fraud and Abuse Act, 18 U.S. § 1030; breaches of contract, fiduciary duty, and the common law duty non-disclosure; and common law and statutory conversion. Among other relief, the plaintiff seeks to enjoin Lei from misappropriating the information he allegedly took with him.

The motion for early injunctive relief was filed *ex parte*, and the plaintiff asserts that immediate injunctive relief is necessary because Lei is using Broad-Ocean's trade secrets to secure employment with its competitors. The plaintiff alleges that this relief must be granted without advance notice to the defendant because such notice will precipitate the harm alleged, namely that the defendant will take additional steps to hide the information he took or destroy evidence of the theft. The Court finds that injunctive relief without notice is warranted to ensure that the *status quo* is preserved until notice can be given to the defendant and to allow time for the positions of the parties fully to be considered by the Court.

Rule 65 of the Federal Rules of Civil Procedure authorizes the issuance of preliminary injunctions and temporary restraining orders. The Court may issue a temporary restraining order (TRO), sometimes without advance notice to a defendant, to preserve the *status quo* until it has had an opportunity to determine whether a preliminary injunction should issue. *See First Tech. Safety Sys, Inc. v. Depinet*, 11 F.3d 641, 650 (6th Cir. 1993). The Court may enter a temporary restraining order without notice only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).  A temporary restraining order is an extraordinary remedy that is generally reserved for emergency situations in which a party may suffer irreparable harm during the time required to give notice to the opposite party or where notice itself may precipitate the harm.  *See Hambell v. Alphagraphics Franchising Inc.*, 779 F. Supp. 910, 912-13 (E.D. Mich. 1991).  The Court considers the same factors in determining whether to issue a TRO or preliminary injunction, which are: "(1) whether the movant has a strong likelihood of success on the merits, (2) whether the movant would suffer irreparable injury absent [an injunction], (3) whether granting the [injunction] would cause substantial harm to others, and (4) whether the public interest would be served by granting" injunctive relief.  *Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008) (quotation marks omitted).

The allegations that Lei downloaded hundreds of files containing confidential and proprietary information and attempted to cover his tracks before he terminated his employment with Broad-Ocean suffice to suggest that the plaintiff has a strong likelihood of success on the merits of its trade secret misappropriation and breach of contract claims.  The facts alleged in the verified complaint also plausibly substantiate Broad-Ocean's concern that it will suffer irreparable harm during the time required to give notice to Lei and before the merits of the case can be addressed by the Court.  The allegations that Lei's possession of Broad-Ocean's trade secrets amply justifies the plaintiff's concern that its trade secrets and information may be disclosed.  It is well established that the disclosure of trade secrets qualifies as irreparable harm.  *NACM-New England, Inc. v. Nat'l Ass'n of Credit Mgmt., Inc.*, 927 F.3d 1, 5 (1st Cir. 2019) (affirming finding that disclosure of trade secrets could be sufficiently "devastating" to constitute irreparable harm); *Uniroyal Goodrich Tire Co. v. Hudson*, 873 F. Supp. 1037, 1048-49 (E.D. Mich. 1994) (finding

irreparable harm where the "the disclosure of [the plaintiff's] trade secrets or confidential or proprietary information could cause significant, immeasurable harm.")

Finally, there are no circumstances evident from the record to suggest that Lei will suffer any substantial harm from the issuance of a temporary restraining order to preserve the trade secrets, particularly where the secrets — technical information, engineering plans, designs, and data — were developed, maintained, and restricted by Broad-Ocean. The public interest in the swift and economical disposition of this matter favors the issuance of temporary injunctive relief, to mitigate the hazard of any contamination or disclosure of the information that could prolong or complicate the execution of any further relief to which the plaintiff may be entitled. *See* Fed. R. Civ. P. 1.

The Court therefore finds that issuance of a temporary restraining order without notice is appropriate under Rule 65(b)(1). The Court also will schedule a prompt hearing on Broad-Ocean's demands for a preliminary injunction and will direct the plaintiff forthwith to serve a copy of its motion and this order on the defendant.

Accordingly, it is **ORDERED** that Broad-Ocean's motion for a temporary restraining order (ECF No. 2) is **GRANTED IN PART**.

It is further **ORDERED** that Lei and any person in active concert or participation with Lei including, but not limited to, any person or entity that has come into possession or control of Broad-Ocean's confidential information, by or as a result Lei's actions are **RESTRAINED AND ENJOINED**:

    A.  from directly or indirectly utilizing, copying, distributing, loaning, or transmitting the confidential information or trade secrets for any purpose;

    B.  from deleting, destroying, cleaning, altering, changing, adding to, correcting, erasing, updating, downloading, uploading, copying, moving or removing any portion of the Broad-Ocean confidential information or trade secrets;

C. from deleting, destroying, cleaning, altering, changing, adding to, correcting, erasing, or removing any content on a device used to access Broad-Ocean's confidential information or trade secrets, including but not limited to, browser history, and any other system generated and application files in the use of a computer or mobile device; and

D. to maintain in good and safe condition all Broad-Ocean Confidential Information or trade secrets until further directed by Broad-Ocean or this Court.

It is further **ORDERED** that the parties must appear for a Zoom hearing on the plaintiff's motion for a preliminary injunction **on June 15, 2021, at 2:00 p.m.**

It is further **ORDERED** that counsel for the plaintiff forthwith must serve a copy of its motion, verified complaint, and this order on the defendant, and file a certificate of service.

It is further **ORDERED** that, within seven days after service of the motion and this order, the defendant must file a response to the plaintiff's motion for a preliminary injunction.

It is further **ORDERED** that the defendant may move to dissolve this order upon notice of two days by filing an appropriate motion with the Court. *See* Fed. R. Civ. P. 65(b)(4).

<u>s/David M. Lawson</u>
DAVID M. LAWSON
United States District Judge

Issued:  June 3, 2021 at 12:47 p.m.